SIGISMUND S. GOLDWATER, as Commissioner of Hospitals of the City of New York, Plaintiff, *v.* IRVING NITZBERG, Defendant.

Municipal Court of New York, Borough of Manhattan, Sixth District, December 8, 1936.

*Paul Windels, Corporation Counsel* [*James J. McGowan* of counsel], for the plaintiff.

*Joseph W. Landes* [*Irving Nitzberg* of counsel], for the defendant.

Morris, J. Motions to dismiss complaint on the ground that it fails to state a cause of action and on the ground that this court has no jurisdiction of the subject-matter of the action.

Although somewhat inartistically drawn, the complaint sufficiently alleges that one Grimes was treated at a city hospital for injuries received in an accident, and that said Grimes executed an assignment to the hospital of any moneys which might be recovered from the party liable for Grimes' injuries up to the amount of the hospital bill of $103.50; that Grimes retained the defendant as his attorney in connection with said claim for damages for personal injuries sustained, and that the said attorney settled the claim for the sum of $100, which was somewhat less than the amount of the hospital bill. The complaint does not allege that defendant had notice of the assignment before he was retained, but does allege notice and receipt of a copy of the assignment by the defendant prior to receipt by defendant of the sum of the settlement; demand of payment by plaintiff, and refusal by defendant.

The first question which arises is the validity of the assignment. The cause of action cannot be assigned, but the moneys received in settlement could be freely assigned after they came into existence.

As the assignment was made at a time when the subject of the assignment was not *in esse*, legal title was not transferred upon execution of the assignment. Between the execution of the assign-

ment and the receipt of the proceeds of the cause of action by the assignor or his agent, plaintiff had a mere equitable assignment, and his rights could be protected only by a court of equity. When the amount of the settlement was actually paid over to this defendant, as attorney for Grimes, the equitable title ripened into a legal title sufficient to sustain an action by the assignee. (*Fairbanks* v. *Sargent*, 117 N. Y. 320.)

True it is that even when the action is equitable in nature, and under circumstances requiring equitable relief, a court of equity has jurisdiction. (*Superior Brassiere Co.* v. *Zimetbaum*, 214 App. Div. 525.) No equitable relief is sought by the plaintiff assignee herein. That the action is of an equitable nature does not mean that it is cognizable only by a court of equity. We must remember that practically all actions on implied contract had their origin in equity and continue to be regarded as equitable in nature and yet are properly entertained by this court as a court of law. (*Corn Exchange Bank* v. *Gross*, 86 Misc. 4.)

In deciding this motion, the court is passing merely on the sufficiency of the complaint, leaving open, of course, any defenses or claims which defendant may assert under his retainer. Any claim of priority of rights can only be asserted by answer.

Motions denied, defendant to serve and file his answer within five days from service of copy of this order.