INTERSTATE FINANCE CORPORATION *v.* DODSON,
RECEIVER, ET AL.

[No. 16,034. Filed February 15, 1938. Rehearing denied April 19,
1938. Transfer denied September 28, 1938.]

*Arthur C. Stone* and *Winfield K. Denton,* for appellant.

*Dewitt Chappell, Charles M. La Follette, William F.
Little, Henry C. Lynn* and *Roy H. Lynn,* for appellee.

BRIDWELL, J.—On March 11, 1936, in an action

brought by appellee The North Side Bank of Evansville, Indiana, against appellees H. N. Robinson Company, Inc., H. N. Robinson and Jacob L. Weil, appellee Harry C. Dodson, Receiver of the H. N. Robinson Company, Inc., was duly appointed as such Receiver and qualified.

Prior to this appointment said corporation (hereinafter referred to as the Robinson Company) had entered into certain contracts which had not been completed, one of which was with the Empire Mining Company, to fabricate and deliver a tipple, screens and other equipment, at and for the sum of $8,170.81; another with the Southern Indiana Gas and Electric Company, to fabricate and deliver certain equipment for it, at and for the sum of $4,313.91. The contract first mentioned was executed by the parties thereto on January 28, 1936, and the other on February 18, 1936.

Each of these contracts and any amounts which became due and payable thereunder were assigned by the Robinson Company to appellant, Interstate Finance Corporation, as collateral security for certain loans made by appellant to the said Robinson Company, and by the terms of the assignment appellant was entitled to receive any money due under said contracts as the same became due and payable, and apply the amount or amounts collected to the payment of the indebtedness secured and to any indebtedness owing by the assignor to the assignee then existing or thereafter contracted, not in excess of $10,000.00.

On January 31, 1936, said Robinson Company procured a loan of $3,000.00 from appellant, which was evidenced by its note of that date, and the contract of the Empire Mining Company, executed January 28, 1936, was transferred and delivered to appellant as collateral security for the payment of the loan. On February 20, 1936, said Robinson Company procured from appellant another loan of $1,500.00, evidenced by its

note of that date, and transferred and delivered to appellant as collateral security therefor its contract with the Southern Indiana Gas and Electric Company, executed on February 18, 1936.

Appellant filed its intervening petition in the receivership proceedings on March 23, 1936, alleging in substance, among other things, the execution and existence of the two contracts heretofore mentioned; that neither had been completed; that the said Empire Mining Company and the said Southern Indiana Gas and Electric Company were each threatening to cancel its respective contract; the making of the loans and the assignments of said contracts and the funds to be paid thereunder as security therefor; the amounts due on each of said loans; that it would be to the best interests of the receivership estate and of the intervening petitioner to authorize the receiver to proceed at once to complete said contract. This petition prayed that the claims of the petitioner (appellant) be allowed as first and prior liens on any and all funds that were due or might thereafter become due on said contracts, and that said receiver be authorized to complete the contracts and to pay over to the petitioner from funds collected any amount due it on its said notes.

Two days later, appellee receiver filed a report wherein he set forth substantially the same facts concerning the uncompleted contracts, and the claims of appellant, as were alleged in the said intervening petition. In addition the report states that no tangible personal property had been delivered by the Robinson Company to the appellant, nor had any chattel mortgage been executed, acknowledged and recorded from the one to the other; that a controversy exists as to the rights of appellant and the general creditors of said Robinson Company as to the proceeds that might be derived from the completion of said two contracts. This report like-

wise stated that it would be to the best interest of all concerned to complete the contracts involved, and authority to do so was requested.

The record discloses that upon the date of the filing by the receiver of his report, and request for authority to complete the contracts in question, both appellant and receiver appeared and an order was made that the receiver take the necessary steps for the completion of both contracts, including the borrowing of needed funds for that purpose, and that the proceeds derived from the completion of said contracts be held by the receiver for the benefit of the defendant corporation (The Robinson Company), its creditors, and the Interstate Finance Corporation, as their interest appeared on the date of the appointment of the receiver.

On June 16, 1936, appellant filed its second, third, fourth, fifth, sixth, and seventh paragraphs of intervening petition, each paragraph alleging an indebtedness due from the Robinson Company to appellant, and in each paragraph it is prayed in substance that the claim asserted be allowed and declared to be a first and prior lien on any and all funds collected by the receiver by reason of the fulfillment of the contracts assigned to the petitioner as collateral security for the loans made. An answer of general denial to said intervening petition closed the issues and the petition was submitted to the court for trial. There was a finding and judgment for appellant upon each of the claims asserted in its second to seventh additional paragraphs of petition, the amount allowed in each instance being the amount claimed as due and owing, but the court further found that each of said claims (except the one pleaded in the second paragraph of petition, concerning which there is no controversy on this appeal) constituted a general claim against the funds, assets and properties of said receivership estate, and should be paid by the receiver there-

from as all general claims are paid when the court shall have finally determined the validity and various priorities of all claims filed, and shall have ordered the payment of dividends or distributive shares to the creditors of said estate. The amounts allowed to appellant on its third to seventh paragraphs of intervening petition as general claims totaled $8,248.46.

Appellant duly filed its motion for a new trial, which was overruled, and appellant excepted. This appeal followed, the error assigned being that the court erred in overruling the motion for a new trial.

The causes for a new trial averred in the motion therefor and relied upon for reversal of the judgment are that the decision of the court is not sustained by sufficient evidence, and that such decision is contrary to law.

The facts heretofore stated are not in dispute, and it is further proven, without conflict in the evidence, that no payment was due or owing to the Robinson Company under the terms of either of the two contracts involved at the time receiver was appointed; that each of said contracts provided for the payment of fifty per cent of the contract price upon delivery of the equipment covered by the contract to the purchaser thereof by the Robinson Company; that on the contract with the Empire Mining Company about one-half of the equipment called for had been fabricated, and on the contract with the Southern Indiana Gas and Electric Company nothing had been done except some engineering work; that the receiver completed both contracts and has collected by reason of having done so approximately $10,000.00, and at the time of the trial there was a balance of the contract price on each contract remaining unpaid.

When the receiver completed the two contracts, thereby causing the contract price to become due and payable, did his conduct in this respect entitle appellant, by reason of its assignments from the Robinson Company, to

payment of the indebtedness due it from the funds derived from the completion of the contracts prior and to the exclusion of other creditors is the question we must determine.

Appellant contends that it has an equitable lien against the funds collected by the receiver as a result of having completed the contracts; that the receiver when he carried out the contracts "stood in the position of the H. N. Robinson Company, Inc., and held the funds and proceeds in accordance with the terms of the contract, and he, therefore, held such sums as were necessary to satisfy the obligation of the appellant, Interstate Finance Corporation, for its use and benefit, and said appellant has a first and paramount lien upon these funds."

In the case of *Aetna Trust and Savings Company* v. *Nackenhorst, Receiver* (1919), 188 Ind. 621, 630, 122 N. E. 421, our Supreme Court states the law as follows:

"Personal property and choses in action to be acquired in the future under a valid contract may be assigned, and such assignments, when fairly made, for a valuable consideration, are recognized and enforced in equity. . . . Where the subject of an equitable assignment is money to be earned in the future, either as wages or by the performance of a contract, such assignment does not become operative until some wages have been earned, or *something has become payable* under the contract. Nothing can be claimed under such an assignment until conditions have arisen which would have enabled the *assignor* to assert a claim successfully in the absence of such assignment." (Our italics.)

When we apply the law as above stated to the undisputed facts in the instant case, we conclude that the trial court did not err when it decided that appellant was not entitled to be paid the full amount of the indebtedness of the Robinson Company to it out of the funds collected by the receiver upon the completion of the contracts. The record discloses that

no condition had arisen which would enable the Robinson Company (assignor) to assert a claim successfully to any portion of the funds in the hands of the receiver had it not made the assignments. When the receiver was appointed, said Robinson Company had nothing due it on either contract. There were no present rights in the assignor which were transferred by the assignment to appellant. Had the contracts in question been canceled or abandoned, appellant's status so far as its relation to the Robinson Company is concerned would have been that of a general creditor only. Could any action on the part of the receiver change this status? We think not. To so hold might permit one or more particular creditor or creditors to obtain a preference over other creditors. No act on the part of the receiver can change a general claim into a preferred one, or place any creditor in a more favorable position than he occupied when the receiver was appointed. A receiver takes the *res* of the receivership estate subject to all existing liens, but the rights of creditors remain as they were when the receiver was appointed.

No lack of equity between creditors will result in instances where there are executory contracts completed, for when the best interests of the receivership estate will be served by the carrying out of such contracts any profit accruing by so doing will inure to the benefit of all general creditors, increasing the proportionate amount which each will receive.

Finding no reversible error, the judgment is affirmed.