John W. Becker, Appellant, v. New Penn Development Corporation, Respondent.

Fourth Department, June 27, 1945.

*John W. Becker* in person, *A. J. Rodenbeck* and *George A. King* for appellant.

*Cyril Hyde Condon* and *W. Earle Costello* for respondent.

*Per Curiam.* The plaintiff appeals from an order and judgment dismissing his amended complaint for failure to state a cause of action. In his amended complaint, the plaintiff alleges, in substance, as follows: That prior to January 26, 1937, he was the owner of oil and gas leases covering 3,000 acres in Steuben County, N. Y. That he had engaged Richard M. Atwater to drill a test well upon one of the leased properties known as the Herrington lease. That Atwater began the drilling of the well prior to January 26, 1937. That the Southwestern Development Company, hereafter referred to as Southwestern, the predecessor of the defendant, engaged Atwater to negotiate with plaintiff relative to procuring an interest in certain of the plaintiff's leases. That prior to said date plaintiff and Atwater, with the knowledge and approval of Southwestern, entered into an oral agreement whereby the plaintiff agreed to assign eleven of his leases to Atwater, Atwater was to assign the eleven leases to the plaintiff as security, Atwater in turn was to assign a one-half interest in the leases to Southwestern and Atwater and Southwestern were to jointly develop the leases and market the gas and oil to be taken therefrom. That in keeping with the oral agreement, and with full knowledge and approval of Southwestern, plaintiff, on January 26, 1937, assigned eleven leases including the Herrington lease, selected

by Atwater and said company, to Atwater. That Atwater agreed to pay to the plaintiff one cent per thousand cubic feet royalty on gas produced until the plaintiff had received $56,000. That on the same date Atwater assigned said leases to the plaintiff as security and in the assignment Atwater agreed to pay to the plaintiff an additional one cent royalty per thousand cubic feet from his one-half interest in the leases as per the oral agreement. That Atwater, in violation of the agreement, and with the connivance of Southwestern and without the plaintiff's knowledge or consent assigned the eleven leases to Southwestern and that Southwestern agreed to pay Atwater a royalty of one and one-half cents per thousand cubic feet of gas produced upon the leased properties assigned to it. That, upon learning of the assignment, the plaintiff filed his assignment as a chattel mortgage (which it was) and gave Southwestern notice thereof before Atwater's assignment to Southwestern and their agreement had become effective. That the defendant acquired the interests of Southwestern and is bound by said agreements. That the defendant and its predecessors took 2,007,400,000 cubic feet of gas, under the leases so assigned, between July 1, 1937, and August 31, 1942. That there became due and owing to the plaintiff, as royalties, $40,148. That defendant and its predecessors paid to the plaintiff only one half of said sum. That the plaintiff demanded that the defendant and its predecessors pay to him an additional one cent per thousand cubic feet out of the royalties due to Atwater but said demand was refused and ignored and the defendant and its predecessors, with full notice of the plaintiff's rights, paid over to Atwater $20,074, which should have been paid to the plaintiff or retained by the defendant and its predecessors pending a determination of the plaintiff's rights.

A party who pays over after proper notice of an assignment, and demand, does so at his peril. (*Continental Purchasing Co., Inc.,* v. *Van Raalte Co., Inc.,* 251 App. Div. 151, 152; *Brill et al.* v. *Tuttle,* 81 N. Y. 454, 457.) The defendant claims that the contract and assignment of January 26, 1937, were canceled by an agreement made between the plaintiff and Atwater on February 11, 1937. The plaintiff alleges that that agreement was not intended to abrogate the agreements of January 26, 1937, but was made, at the instance of Southwestern, to correct the terminology in reference to certain phases of the agreement and that no new consideration passed. It cannot be held, under the circumstances, as a matter of law, that the agreement of February 11th abrogated the previous agreements. (Cf.

*Lieberman* v. *Templar Motor Co.*, 236 N. Y. 139, 147.) We think the amended complaint states a cause of action and the judgment and order should be reversed, with costs, and the motion to dismiss denied, with $10 costs.

All concur. Present—Taylor, P. J., Dowling, Harris, McCurn and Larkin, JJ.

Judgment and order reversed on the law, with costs, and motion denied, with $10 costs. [See *post*, p. 924.]