## ALLEN v. WHITEHALL PHARMACAL CO.

United States District Court,
S. D. New York.

Oct. 1, 1953.

Donovan, Leisure, Newton & Irvine, New York City, (Burr F. Coleman, New York City, of counsel), for the motion.

John P. Smith, Allen M. Taylor, New York City, of counsel, opposed.

HOLTZOFF, District Judge (sitting by designation).

This is a motion to revive and continue an action in behalf of the executor of the estate of the original plaintiff, who died subsequently to the commencement of the suit.

2. United States v. Nugent, 346 U.S. 1, at page 6, 73 S.Ct. 991, at page 994.

The action was brought to recover damages for personal injuries sustained in the State of Indiana. Federal jurisdiction is based on diversity of citizenship. The original plaintiff died during the pendency of the suit, and her executor now seeks to revive it. The question presented is whether the cause of action survives.

■ Under the doctrine of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, the law of the State in which the Federal court sits governs the substantive rights of the parties. Whether an action survives is a matter of substance, rather than of procedure, and is, therefore, included within the ambit of the principles that are determined by State law. In finding the pertinent rule of decision, the principles of Conflict of Laws governing in the State courts are to be deemed part of the local law, Klaxon Co. v. Stentor Co., 312 U.S. 674, 61 S.Ct. 734, 85 L.Ed. 1115. It is, therefore, necessary to determine first what law the New York courts would apply in deciding whether this cause of action has survived. Section 82 of the New York Civil Practice Act provides that "An action does not abate by any event *if* the cause of action survives or continues." This provision necessarily implies that the action abates if the cause of action does not survive. Whether the cause of action survives is a matter governed by the law of Indiana, where the tort is alleged to have been committed. "No recovery can be had for damages after the death of the injured party or of the tortfeasor unless such be the law of the place of the wrong". Restatement of the Law of Conflicts of the Law, Sections 390 and 390(a).[1] Admittedly, under the laws of Indiana, actions for personal injuries do not survive the death of the injured party, Burns' Indiana Statutes, Title 2, Section 2–403. It necessarily follows, therefore, that the cause of action involved in this instance has not survived. Baltimore & O. R. Co. v. Joy, 173 U. S. 226, 19 S.Ct. 387, 43 L.Ed. 677, on which the plaintiff relies, is not apposite. In that case the state statute permitted the revival of an action under the circumstances such as exist in this case. The New York statute, however, is conditioned upon the survival of the cause of action, thereby leaving the question of survival to be determined by the applicable substantive law. Moreover, if the case is to be construed otherwise it must be deemed overruled *sub silentio* by Erie R. Co. v. Tompkins, and Klaxon Co. v. Stentor Co., supra, which revolutionized the law governing the disposition of civil cases in the Federal courts.

Winslow v. Domestic Engineering Co., D.C., 20 F.Supp. 578, on which the plaintiff also relies, was likewise decided prior to the Erie R. Co. case. It must also be observed that the point involved here was not discussed and apparently not presented.

Motion to revive the action is denied. Leave is, however, granted to serve an amended complaint asserting a claim for damages for wrongful death.

1. 2 Beale on Conflict of Laws 1304 is to the same effect.