JOHN F. REARDON, Plaintiff, v. JOSEPH SPAGNA, Defendant.

Supreme Court, Special Term, Kings County, January 26, 1954.

*Francis J. Hughes* for plaintiff.

*Hayt & Hayt* for Dr. Browder and another.

BRENNER, J. Plaintiff seeks to rid himself of alleged doctors' liens filed with the defendant and his insurance carrier relative to the proceeds of a settlement of suit for personal injuries. These doctors were associated with the Kings County Hospital. Plaintiff's injury caused him to become a patient therein. He had executed an assignment to said hospital: " To include all medical and surgical treatment at ward rates as I may require in the course of the treatment of my said injuries." Such assignment does not include the medical treatment by these two doctors on the staff of said hospital, who, unknown to plaintiff, performed services to the latter, while he was unconscious. They now assert what they believe purports to be a lien on the proceeds of the settlement, thus impeding plaintiff's receipt of the proceeds of the settlement, less the hospital bill.

While subdivision 1 of section 189 of the Lien Law grants liens to hospitals for the reasonable charges for the care and maintenance of an injured person, there is no similar provision for a " doctor's lien." The hospital lien does not include services rendered by staff physicians in a charitable hospital nor staff physicians' services rendered gratis to the hospital. (*Roosevelt Hosp.* v. *Loewy,* 55 N. Y. S. 2d 414.)

The asserted lien is alleged to derive from subdivision c of section 585 of chapter 23 of the New York City Charter, which provision is merely permissive and authorizes the acceptance of medical fees by doctors who serve on the medical staff without compensation. It provides for no lien and thus creates no statutory obligation.

In *Viviani* v. *Howard Johnson's, Inc.* (N. Y. L. J., March 13, 1953, p. 849, col. 8), Mr. Justice HART held that no doctor's lien exists under subdivision c of section 585 of the New York City Charter in favor of physicians performing services in city hospitals. Their alleged lien for services rendered, not being based on either common or statutory law, the doctors must await the outcome of their action to recover upon their claims.

Except for the alternative relief requested, the motion is in all respects granted.

Settle order on notice.