John A. Montelwne, J.
Plaintiff moves for summary judgment pursuant to rule 113 of the Rules of Civil Practice against the defendant Samuel J. Moskowitz. Defendant Allstate Insurance Company also seeks summary judgment dismissing the complaint.
The complaint alleges two causes of action. Both causes of action are for money had and received by each of the defendants in the respective sum of $500. Plaintiff alleges that this sum had been assigned to him by one John Lynch out of the proceeds of a tort claim or action.
The moving papers disclose that said John Lynch was injured in an automobile accident on October 1,1955 and as a result was taken to Bangs County Hospital where he remained until December 27, 1955. While in said hospital, it is alleged that he was treated by the plaintiff doctor and by doctors under his supervision. Mr. Lynch retained the defendant Samuel J. Moskowitz, Esq., as attorney to prosecute his claim for personal injuries against one Sergie Pisarile, insured by the defendant Allstate Insurance Company.
On October 14,1955, said John Lynch executed an assignment, which was witnessed by his attorney, the defendant Samuel J. Moskowitz. By this assignment, Lynch assigned to Kings County Hospital moneys, at the rate of $21 per day, which may hereafter become payable to him as the result of any settlement, claim or judgment. Included in this assignment is the following paragraph: “ To such physician or physicians on the medical visiting staff, as their names may appear on my hospital record at said hospital, I hereby make an additional assignment with the same force and effect as the one to the City of New York, for the value of the professional services rendered, provided that the charges do not exceed twice the rates set forth in the medical fee schedule established by the Workmen’s Compensation Board and that such medical and surgical services were rendered by ¡such physician or under his personal supervision or direction.”
*143 Plaintiff alleges that on February 21, 1956 written notice of this assignment was sent to the defendant Moskowitz by certified mail and annexes a signed receipt. Plaintiff, pursuant to subdivision c of section 585 of the New York City Charter, submitted a bill for $500 for professional services rendered to John Lynch. The papers disclose that the bill for $500 was submitted to the patient, Lynch, without indicating the date of submission. It is alleged without denial that Lynch’s claim or action was settled in June of 1956 for $8,500 and the money was disbursed as follows: $1,827 to the Department of Hospitals and $6,673 to Samuel J. Moskowitz:
Defendant Moskowitz interposed an answer consisting of a general denial. In his opposing affidavit he raises two questions : 1. That this court does not have jurisdiction of this action since it is equitable in nature, and 2. That plaintiff had previously moved to discontinue this action and that an order was made granting said motion on December 20, 1961 on condition that plaintiff pay $25 to defendants on or before January 15, 1962, otherwise denied. Plaintiff failed to comply with the order of December 20, 1961 and it follows that the action was not discontinued and is still pending in this court.
Accordingly, the court will now consider the jurisdictional question as to whether or not this action is equitable in nature. There is no question that when the assignment was executed the subject of the assignment was not in existence. Lynch agreed to turn over moneys only if he recovered same. Therefore, until the claim or action resulted in an actual monetary recovery, plaintiff had an equitable assignment. However, when the settlement of $8,500 was actually paid over to the defendant, Moskowitz, as attorney for Lynch, the equitable title ripened into a legal title sufficient to sustain this action. (Goldwater v. Nitzberg, 161 Misc. 847.)
We now come to the fmidamental question involved herein. Is an attorney who has knowledge of an assignment by a doctor for services rendered to his client responsible in damages to the assignee in the event the attorney distributes the monetary recovery? The question is answered in the affirmative, provided that the assignee can show that he was damaged as a result of said distribution.
The law is well settled that a physician has no lien for medical services rendered. In the case of Matter of Glazer v. Department of Hospitals of City of New York (2 Misc 2d 207) the court discussed this entire subject and held that the physician stood in the same position as other claimants to whom the *144 patient may be indebted for services rendered and, therefore, would be required to resort to a plenary suit to enforce his claim, if any. (Also, see, Reardon v. Spagna, 205 Misc. 196, revd. on other grounds, 284 App. Div. 975, and Viviani v. Howard Johnson’s, Inc., 130 N. Y. S. 2d 331.)
Plaintiff has not made Lynch a party defendant to this action nor is it alleged that plaintiff was unsuccessful in recovering for his professional services in a prior action. The plaintiff doctor evidently has chosen to pursue his remedies directly against the defendants. It is true that notice of an assignment puts a debtor on guard and if he pays out money or does anything prejudicial to the rights of the assignee, he is liable for the resulting damage. (Italics mine.) (Continental Purchasing Co. v. Van Raalte Co., 251 App. Div. 151; Becker v. New Penn Development Corp., 269 App. Div. 395; Empire Discount Corp. v. Bouley Co., 5 Misc 2d 228.)
It, therefore, follows that plaintiff’s remedy is to commence a plenary action against the person for whom he performed medical services, to wit, John Lynch. If the physician is unable to recover for his services then he may proceed against the attorney and any other party who had notice of the assignment for the resulting damage. (See Continental Purchasing Co. v. Van Raalte Co., supra.)
Accordingly, the court finds that plaintiff is not entitled to summary judgment against defendant Moskowitz. Finally, we come to the defendant Allstate Insurance Company’s prayer for summary judgment against plaintiff seeking a dismissal of the complaint. Plaintiff objects to this relief on the ground that it is affirmative relief requiring a motion or cross motion. Buie 113 of the Buies of Civil Practice provides in part: “ If upon such motion it shall appear that the opposing party is entitled to judgment, the judge hearing the motion may award judgment, even in the absence of a cross motion therefor.”
The moving papers do not contend that Allstate had notice of the assignment. This is a necessary element to be alleged and proven prior to any recovery by plaintiff against said defendant. For this failure and for the other reasons set forth herein summary judgment is granted to both defendants against plaintiff and the Clerk is directed to enter judgment dismissing plaintiff’s complaint, without prejudice to plaintiff pursuing such other legal remedies which he deems advisable.