■ CROCKER COMMERCIAL SERVICES, INC., Respondent, v ED SAFDIE, Doing Business as SATISFACTION, Appellant. — Judgment of the Supreme Court, County of New York (David H. Edwards, J.), entered on June 13, 1984, which granted summary judgment to plaintiff in the amount of $10,435.54, together with interest and costs, and severed defendant's counterclaim, is reversed, on the law, and the judgment vacated, without costs or disbursements.

Order of the Supreme Court, New York County (David H. Edwards, J.), entered on June 11, 1984, which granted plaintiff's motion for summary judgment, denied defendant's cross motion for summary judgment and severed defendant's counterclaim, is modified, on the law, to the extent of denying plaintiff's motion for summary judgment and rejoining defendant's counterclaim, and otherwise affirmed, without costs or disbursements.

The instant action seeks to recover the sum of $10,435.59 upon invoices assigned to plaintiff by Esprit de Corp. The complaint alleges two causes of action, one for goods sold and delivered and the other for an account stated. Defendant's answer contained a general denial and a counterclaim for both compensatory and punitive damages. Additionally, defendant served a demand for a bill of particulars requesting information as to the details of the goods purportedly sold and delivered by plaintiff's assignor. Plaintiff, without responding to the demand for a bill of particulars, subsequently moved for summary judgment, listing the various invoices. It asserted that defendant had retained without objection a statement itemizing the invoices, dated August 17, 1982, and had refused to pay the amount owing. Defendant cross-moved to dismiss the complaint for failure to respond to the bill of particulars and also sought permission to serve an amended answer setting forth two affirmative defenses. Special Term granted defendant's request to amend and denied plaintiff's motion for summary judgment with leave to renew after service of the amended answer. Plaintiff thereafter renewed its motion for summary judgment, and defendant cross-moved for summary judgment on its defense of release and accord and satisfaction. The court granted plaintiff's

renewed motion for summary judgment and denied defendant's cross motion, finding that defendant had not denied the sale, and its affirmative defenses did not raise any material issues of fact such as would require a trial.

However, an examination of the record herein indicates that plaintiff has not offered any evidence of the sale of identifiable goods or the delivery thereof. The invoices submitted by plaintiff do not describe the goods and, indeed, plaintiff's failure to respond to the bill of particulars demonstrates that it is apparently relying on documents only and may have no knowledge of the underlying transactions. Moreover, the statement of August 1982 was prepared and transmitted after the instant action was commenced. In view of defendant's general denial and defendant's insistence that it did object to the statement upon its receipt, it cannot be deemed that defendant accepted an account stated. Consequently, the instant situation is clearly distinguishable from that in *Rosenman Colin Freund Lewis & Cohen v Neuman* (93 AD2d 745). While we do not express any opinion concerning the validity of plaintiff's claim, the papers are insufficient to justify summary judgment. Such a drastic remedy is inappropriate where there is doubt regarding the existence of a triable issue of fact (*Rotuba Extruders v Ceppos,* 46 NY2d 223; *Bellefonte Re-Insurance Co. v Volkswagenwerk AG,* 102 AD2d 753; *City of New York v Brooklyn Coop. Meat Distrib. Center,* 101 AD2d 785). Concur — Sandler, J. P., Sullivan and Milonas, JJ.

Bloom, J., dissents in a memorandum as follows: I am of the opinion that Special Term correctly decided the issues presented to it. Accordingly, I would affirm the judgment appealed from.

The action is one for goods sold and delivered to defendant by Esprit de Corp (Esprit), a San Francisco garment wholesaler. Prior to the sales here involved, Esprit entered into a factoring agreement with plaintiff. Each invoice shipped by Espirt to defendant bore on it the printed legend, "THIS ACCOUNT HAS BEEN ASSIGNED TO CROCKER LIMITED FACTORS, INC. [plaintiff's predecessor] MAIL REMITTANCE ONLY TO P.O. BOX 2836 TERMINAL ANNEX, LOS ANGELES, CALIFORNIA, 90061". These invoices were not paid and this suit was brought to recover the amount due.

As the majority memorandum indicates, plaintiff's first motion for summary judgment was denied with leave to renew. Upon renewal, defendant cross-moved for summary judgment on the ground of release. Special Term granted plaintiff's motion and denied defendant's cross motion and defendant appeals.

My brethren in the majority rest their determination on the ground that "plaintiff has not offered any evidence of the sale of identifiable goods or the delivery thereof". This is a not unexpected result of the relationship among the parties. While the

nature of a factoring agreement differs from that between the issuer of a letter of credit and the person at whose instance the letter of credit is issued, both are alike in that the factor and the issuer of the letter of credit deal basically in paper. The seller forwards a copy of the invoice to the factor and the goods and the original invoice are sent to the purchaser. Based upon the invoice, the factor pays to the seller the amount of the invoice less the discount specified in the factoring agreement.

Of particular importance in this case is the fact that nowhere, other than in the general denial contained in its answer, does the defendant deny receipt either of the invoices or the merchandise represented thereby. Contrary to the contention of the majority, the invoices describe the goods by number, color and quantity. There is no specific denial of receipt nor is there any claim of defect.

The extent to which defendant was ready to go to defeat plaintiff's claim is manifested by its fraudulent contention of release. The uncontroverted facts indicate that after the factoring agreement between Esprit and plaintiff had been terminated, Esprit sold approximately $5,600 worth of merchandise to defendant. None of the invoices representing these sales contained the assignment notice contained in the invoices sent to defendant during the life of the factoring agreement.

Defendant paid only some $200 on account of this debt. When the balance of the debt became overdue Esprit retained a commercial collection firm to effect a disposition of the matter. A settlement agreement was reached pursuant to which Esprit issued the release in question. The check issued by defendant to Esprit is dated some two months after the commencement of this action. The release is dated shortly thereafter. It was not intended to, nor did it effect, release of any portion of the claim here involved. Indeed, since defendant had notice of the assignment, it could not do so (UCC 9-318 [3]; *Continental Purch. Co. v Van Raalte Co.,* 251 App Div 151, 152; *Becker v New Penn Dev. Corp.,* 269 App Div 395, 397).

The strategy of defendant is transparent. Plaintiff is a California corporation, as is Esprit. Defendant is hopeful that it can defeat the motion for summary judgment. If it does, it can then make prosecution of this claim so expensive that it will be able to settle the claim for a slight fraction of its value. We should not permit ourselves to be used to further such a course of action.