(March 6, 1986)

■ SENTA DE WANGER, Appellant, v ST. VINCENT'S HOSPITAL & MEDICAL CENTER OF NEW YORK, Respondent, et al., Defendant.—Order of the Supreme Court, New York County (Ira Gammerman, J.), entered on or about August 8, 1985, which granted plaintiff's motion to restore to the calendar the case against defendant Dr. Thomas F. Nealon, Jr., conditioned upon payment of $500 by plaintiff's attorney, denied the motion to restore against defendant St. Vincent's Hospital & Medical Center, and granted defendant hospital's cross motion to dismiss the case against it, is modified, on the law, the facts and in the exercise of discretion to the extent of granting plaintiff's motion to restore to the calendar the case against St. Vincent's Hospital & Medical Center and denying defendant hospital's cross motion for summary judgment dismissing the complaint as to it, and otherwise affirmed, without costs or disbursements.

This is a medical malpractice case arising out of an appendectomy performed on plaintiff by defendant Dr. Thomas F. Nealon, Jr. while she was in defendant St. Vincent's Hospital & Medical Center of New York. Although the operation itself was successful, plaintiff alleges that she was prematurely discharged from the hospital over her strenuous objections while she was still in pain and running a fever. She further claims that some five days later, her surgical incision burst, pouring infectious material all over her and creating additional damage. It is asserted that the hospital was negligent in failing to properly take her temperature on the day that she was released and ascertaining the presence of an infection. According to plaintiff, an unidentified nurse noted that the patient was "afebrile" on March 31, 1980, the date of her discharge, but the numerical temperature was not filled in. Moreover, three days earlier, a nurse had marked down "afebrile" when plaintiff, in fact, had a temperature of 101 degrees. Plaintiff's expert witness, Dr. Geoffrey Richstone, states that based upon what subsequently occurred after her release from the hospital, he could conclude with a reasonable

degree of medical certainty that she was suffering from a fever at the time of her discharge and that the elevated temperature was the proximate cause of the incision opening, which necessitated further surgery and resulted in attendant scarring. Dr. Richstone contends that it was a departure from sound medical practice for defendant hospital not to have properly taken and recorded plaintiff's temperature.

Defendant hospital, on the other hand, takes the position that since its records demonstrate that plaintiff's temperature was duly taken and noted thereon, no fever was indicated and, moreover, no one in the employ of the hospital discharged her (that decision having been made by her physician), "it is obvious that plaintiff will never be able to prove a claim at the time of trial." Thus, defendant argues, Special Term was warranted in issuing an order granting summary judgment dismissing the action against the hospital. However, whether or not plaintiff will ultimately be able to prevail in her lawsuit against the hospital is irrelevant. The law is well established that where there is any doubt regarding the existence of a triable issue of fact, such a drastic remedy as summary judgment is not appropriate. (Rotuba Extruders v Ceppos, 46 NY2d 223; Crocker Commercial Servs. v Safdie, 111 AD2d 34; Bellefonte Re-Insurance Co. v Volkswagenwerk AG, 102 AD2d 753.) In the instant situation, an examination of the record of this case reveals a clear dispute between the parties as to whether plaintiff was free from fever when she was released from defendant hospital and, if she was not, whether the hospital's failure to properly take her temperature constituted a departure from sound medical practice which was responsible for the ensuing complications of her surgery. Under these circumstances, there are sufficient material issues of fact involved herein to preclude summary judgment. Concur —Murphy, P. J., Carro, Milonas, Rosenberger and Ellerin, JJ.