Breitel, J.
An automobile public liability insurer, plaintiff Allstate, contends, in this action for a declaratory judgment, that it is not obliged to decide to disclaim liability or to deny coverage within any particular time, in the absence of prejudice to an insured or injured party. The trial court found in its favor but on appeal the Appellate Division reversed, holding that there had been an unreasonable delay as a matter of law. There should be an affirmance for the reasons stated below.
Whatever the rule may have been before, the matter is now controlled by statute (Insurance Law, § 167, subd. 8). The statute reads as follows: “ If under a liability policy delivered *266 or issued for delivery in this state, an insurer shall disclaim liability or deny coverage for death or bodly [sic] injury arising out of a motor vehicle accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant.” Its literal language requires prompt notice of disclaimer after decision to do so, and by logical and practical extension, there is imported the obligation to reach the decision to disclaim liability or deny coverage promptly too, that is, within a reasonable time. The insurer concedes that there is an obligation to give prompt notice of the decision to disclaim liability or to deny coverage but seeks shelter behind the words of the statute to argue that there is no like requirement to make a decision promptly. Indeed, although seven years have passed since the accident in suit Allstate contends that it has never disclaimed and it is not obliged to do so now. It urges that the instant action for a declaratory judgment is its choice and the proper mode for determining, whether it has a right to disclaim, and it may not be compelled to act prematurely or suffer any consequences for not having done so.
. On August 17, 1963 insured Gross allegedly struck and seriously injured Lynn Butch with his automobile. Gross notified the police but did not inform his insurer, Allstate. On October 14, 1963 the Butches served Gross and the next day Gross turned the summons and complaint over to Allstate; this was Allstate’s first notice of the accident and claim. In a letter to insured dated October 24, 1963, Allstate reserved its right to disclaim “ because of late notice and for other reasons.” Allstate served an answer in the action on behalf of insured, sought and received a bill of particulars, and represented insured at his, pretrial examination. The Motor Vehicle Accident Indemnification Corporation (MVAIC) intervened because of its possible liability to the injured parties.
On May 23, 1964, nearly seven months after its letter of reservation, Allstate brought the present action for a declaration that it was not obligated to defend the Butches’ action against Gross or to pay any claim. In granting judgment, the trial court, after a nonjury trial, held that Gross had breached his policy by failing to give timely notice of the accident. The *267 Appellate Division reversed on the strength of the statute, explaining that, despite its reservation of rights, Allstate’s seven-month delay was unreasonable as a matter of law (31 A D 2d 389). Neither court found that Allstate’s delay had prejudiced the insured, the injured parties or MVAIC.
Subdivision 8 of section 167 was enacted as part of the Motor Vehicle Accident Indemnification Law, which also created the MVAIC (L. 1958, ch. 759, § 3, as amd. by L. 1959, ch. 650, § 2). On its face it mandates speed in giving notice of disclaimer or denial of coverage. The purpose undoubtedly is concern for the MVAIC and the injured party whose interests will be affected by disclaimer. In the statutory scheme, MVAIC has an obligation to its members, who are insurers (Insurance Law, § 605). It is empowered to investigate claims or defend actions against insureds subject to disclaimers and to pay limited sums in the event the disclaimer or denial is sustained (id. §§ 605, 606, 613, 614). Obviously, if it can make its investigation earlier rather than later, the investigation will be more complete.
Reasonably prompt disclaimer would also aid injured parties, for whose benefit, primarily, the statute was enacted (see id. § 600, subd. [2]). Quick disclaimer would speed recovery against the MVAIC which is also empowered to negotiate settlements with injured parties and other claimants (see id. •§ 613). Delayed disclaimer may prejudice the injured party by misleading him into engaging in costly litigation against the insurer rather than negotiating or arbitrating a settlement with MVAIC (see Appell v. Liberty Mut. Ins. Co., 22 A D 2d 906, affd. 17 N Y 2d 519).
Although not expressed, interests of the insured, as well as those of the injured party and MVAIC, also benefit from prompt disclaimer. Prejudice to these several interests caused by delay have frequently been noted in cases holding insurers estopped from disclaiming (cf. Moore Constr. Co. v. United States Fid. & Guar. Co., 293 N. Y. 119; Ashland Window & Housecleaning Co. v. Metropolitan Cas. Ins. Co., 269 App. Div. 31; Merchants Mut. Cas. Co. v. Wildman, 21 Misc 2d 1073, affd. 12 A D 2d 664, affd. 9 N Y 2d 985).
Given, then, the statutory plan to protect the injured parties and their alternative source of compensation, MVAIC, and given, too, the risks unnecessarily delayed disclaimers of liabil *268 ity or denials of coverage pose to each, Allstate’s tenuous distinction that the statute required speedy notice, not speedy disclaimer, if credited, would accomplish no more than circuitous and prolonged litigation. No readily discernible purpose appears in requiring speed once the decision to disclaim has been made, while permitting delay in making the decision, especially when such a requirement may be circumvented by delaying the decision (but cf. N. Y. Legis. Ann., 1959, pp. 277-278).
In Allstate Ins. Co. v. Manger (30 Misc 2d 326) the case most relied on by Allstate, the court held that an action by the insurer for a declaratory judgment was not a disclaimer, and, therefore, the insured’s insistence on prompt notice was premature. The court appeared to hold that six- and twelve-month delays in seeking a declaratory judgment were not unreasonable under the statute. It was concluded that the issue of prompt notice was not and ought not be raised in an action to determine whether the insurer could disclaim at all. (See, also, Matter of Crump [MVAIC], 44 Misc 2d 180, to the same effect.)
Precedents at nisi prius and in the Appellate Division are not lacking, however, for the view that time for notice should be measured from the moment the insurer first learns of the accident or of grounds for its disclaimer and not from the time when it chooses to disclaim (see Cohen v. Atlantic Nat. Ins. Co., 24 AD 2d 896; Royal Ind. Co. v. Kay, 48 Misc 2d 1086, 1088; Wallace v. Universal Ins., 227 N. Y. S. 2d 999 [Sup. Ct., N. Y. County]; cf. Safeguard Ins. Co. v. Trent, 29 A D 2d 780; Allstate Ins. Co. v. Bianco, 28 A D 2d 676; Matter of Allstate Ins. Co. v. Flaumenbaum, 62 Misc 2d 32, 41-42). Indeed, in number and persuasiveness they more than outweigh the apparently contrary cases. Actually, the results in most of the cases are really not in conflict as are the divergent reasons offered for the conclusions reached (see, however, 31 N. Y. Jur., Insurance, § 1334).
Regardless of the split view in the cases, logic and practicality suggest that the statute should not be read as attenuatedly as Allstate urges. Little purpose, as noted earlier, is served in prompt notice of disclaimer, if the decision to disclaim may be postponed indefinitely. That would truly be an instance of the tail wagging the dog. On the other hand, no violence is done to the language requiring notice of disclaimer “ as soon as is reasonably possible ” to import a like requirement of reaching *269 a prompt decision to disclaim in order that there be a prompt notice of the decision. Consequently, the Appellate Division was eminently correct in its reading of the statute.
Allstate argues alternatively that, before it may be held responsible for undue delay, the statute requires a finding that the insurer’s delay in disclaiming prejudiced the insured, the injured party, or MVAIC. The argument misses the point of the statute, and the evident purpose for its enactment. Prior to its enactment, attempts to disclaim could always be defeated by showing waiver or estoppel, the latter necessarily requiring prejudice (see, e.g., S. & E. Motor Hire Corp. v. New York Ind. Co., 255 N. Y. 69, 72, 74-75; Gerka v. Fidelity & Cas. Co., 251 N. Y. 51, 56-57; see, generally, 31 N. Y. Jur., Insurance, §§ 1327-1329, 1555; 45 C. J. S., Insurance, §§ 672-678). Indeed, these “ common law” defenses are not precluded, even when the statute is invoked (see, e.g., General Acc. Fire & Life Assur. Corp. v. Blersch, 46 Misc 2d 480, 485, affd. 25 A D 2d 764, affd. 18 N Y 2d 633; Merchants Mut. Cas. Co. v. Wildman, 21 Misc 2d 1073, 1075, supra; cf. Great American Ins. Co. v. Schaefers, 47 Misc 2d 522). Reservations of right, such as Allstate sent to insured, are effective only against the defense of waiver under the decisional rule (see Mason-Henry Press v. Aetna Life Ins. Co., 146 App. Div. 181, 186-188).
The statute provides a flexible time limit on disclaimer of liability or denial of coverage, but a time limit nevertheless. The limit depends merely on the passage of time rather than on the insurer’s manifested intention to release a right as in waiver, or on prejudice to the insured as in estoppel (see Cohen v. Atlantic Nat. Ins. Co., 24 A D 2d 896, supra). Otherwise there would have been little purpose for the statute, if it were only an inadequately drafted codification of the pre-existing decisional rules, inadequate because the preconditions to the defenses would not have been spelled out. Although some cases arising under the statute have utilized the old prestatutory waiver or estoppel theories, such theories are superfluous when the statute is read in context. The Motor Vehicle Accident Indemnification Law has, in effect, established an absolute rule that unduly delayed disclaimer of liability or denial of coverage violates the rights of the insured, the injured party, and MVAIC.
Whether the absolute rule was enacted because of a presump *270 tion of prejudice from any undue delay or for some other reason is of no moment. The statute lays down an unconditional rule. It requires, however, as a foundation, unreasonableness as a standard for delay, which means simply that no particular time is deemed undue delay. Rather the question of unreasonableness becomes a question of fact, or if extreme, of law, depending upon the circumstances of the case which make it reasonable for the insurer to take more or less time to make, complete, and act diligently on its investigation of its coverage or breach of conditions in its policy.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Jasen and Gibson concur.
Order affirmed, with costs, to respondents MVAIC and Gross.