Wachtler, J.
In June, 1972 the respondents were injured in an automobile accident in Rahway, New Jersey. At that time they were insured under an automobile policy issued by the petitioner, Sentry Insurance Company. This policy contained a *293 "New York Automobile Accident Indemnification Endorsement”, the so-called "uninsured motorist” clause required by subdivision 2-a of section 167 of the Insurance Law. According to the terms of the policy "This endorsement applies only to accidents which occur within the State of New York.”
Apparently the driver of the other vehicle was uninsured. Thus in January, 1973 respondents served Sentry with a demand for arbitration under the uninsured motorist endorsement in their policy. Petitioner promptly moved to stay arbitration on the ground that the endorsement did not provide coverage for an accident occurring in New Jersey. The respondents urged that the exclusion clause conflicts with subdivision 2-a of section 167 of the Insurance Law. Although the statute specifically states that it applies to injuries "caused by accident occurring in this state”, (italics supplied) the respondents argued that it "has been interpreted by the Courts of this State” to require the insurer to afford uninsured motorist protection for accidents occurring "either within or without the State of New York”. Consequently, the argument concluded, the exclusion is void and the endorsement "shall be enforceable as if it conformed with such requirements” (Insurance Law, § 143, subd 1).
Special Term denied the petitioner’s motion to stay arbitration and the Appellate Division affirmed. Both courts acted "on constraint of Matter of Askey [General Acc. Fire & Life Assur. Corp.] (30 AD2d 632, affd 24 NY2d 937).” We granted leave to appeal to settle the question as to whether subdivision 2-a of section 167 of the Insurance Law obligates the insurer to provide uninsured motorist coverage for accidents occurring outside New York State. We conclude that it does not.
In Askey, the claimant, a resident of New York, had been injured when she was thrown from a motorcycle on which she was a passenger. The accident occurred in Canada. The operator of the motorcycle was a New York resident, but the motorcycle was uninsured. The claimant sought recovery under the uninsured motorist endorsement of her own insurance policy. This provision made reference only to "uninsured automobiles” but expressly extended coverage with respect to "uninsured automobiles” to injuries occurring in the United States or Canada. The Appellate Division held that the use of the word "automobiles” must be held to extend to "motor vehicles” (Insurance Law, § 167, subd 2-a), and thus to motor *294 cycles (Insurance Law, § 601, subd a), since the terms of the policy could not cut back on the coverage mandated by the statute.
Thus the determinative question in Askey was this: if the word "automobiles” means "motor vehicles” where coverage is mandated by the statute, what does the same word mean as to extraterritorial Canadian coverage accorded by the terms of the particular policy? The dissenters would have given "automobile” the expanded meaning of "motor vehicle” as to New York accidents, but would have returned to its literal meaning as to the Canadian accident, since the statute only required coverage for injuries "caused by accident occurring in this state”. The majority held in effect that the term "automobile” should be given the same meaning throughout the policy. Since it had to mean "motor vehicles” as to New York accidents, it would be given the same meaning as to Canadian accidents.
This was sufficient to resolve the case and warrant affirmance in our court. However the Appellate Division majority went further and held that the extraterritorial coverage was mandated not only by the wording of the policy but by the terms of the statute as well. To support this holding they relied on our decision in Farber v Smolack (20 NY2d 198), which, they stated: "construes the words 'in this state’ as we believe they should be construed in the case at bar: 'Nor should we place undue emphasis on the term to which reference has been made "in this state” in the statute. It is clear that in adding the words "in this state” to the predecessor of subdivision 1 of section 388 (§ 59) in 1958 (L. 1958, ch. 577), the Legislature was not concerned with extraterritorial effect. It was substituting "in this state” for the former words "upon a public highway” in order to cover the situation of an accident on private roadways and parking lots (1958 Report of NY Law Rev. Comm. [NY Legis. Doc., 1958, No. 65], pp 589-590).’ ” (Askey, supra, p 633.)*
As the quotation from the Farber case reveals, we were there concerned with interpreting section 388 of the Vehicle and Traffic Law, not subdivision 2-a of section 167, or any other portion, of the Insurance Law. The Legislature, of course, frequently employs the same words in different stat *295 utes with different meaning and effect. (See, generally, McKinney’s Cons. Laws of NY, Book 1, Statutes, § 236.) The legislative history of section 388 of the Vehicle and Traffic Law indicates that the Legislature intended to enlarge the vehicle owner’s vicarious liability and not to draw the line at the border. The intent was broader than the language employed in the statute and we honored the intent.
But we have never detected anything in the history of subdivision 2-a of section 167 of the Insurance Law suggesting that here the Legislature intended the words "in this state” to mean more than they obviously imply. On the contrary, in Matter of Vanguard Ins. Co. (18 NY2d 376, 379) we pointedly observed that this statute only provides "liability for injuries inflicted by an uninsured automobile in accidents occurring within the State.” (Emphasis in original.) And noting that the accident there had occurred in South Carolina we held that (p 380) "The Appellate Division was correct when it ruled that section 167 (subd 2-a) did not control” "since the accident occurred outside the State.” The claimant there ultimately succeeded, but only because the terms of the policy afforded more protection than the statute required.. Here the respondent cannot succeed on that ground.
In sum the policy in this case expressly limited uninsured motorist coverage to accidents occurring in New York State, and the statute requires no more. The dictum of the Appellate Division in the Askey case was not necessary to sustain the holding and our affirmance without opinion should not be considered an implied approval of that view. (See, e.g., Rogers v Decker, 131 NY 490.)
The order of the Appellate Division should be reversed and the motion to stay arbitration granted.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Fuchsberg and Cooke concur.
Order reversed, with costs, and the motion to stay arbitration granted.

 We note that the Appellate Division, Fourth Department, adopting similar reasoning, has reached the same result in the recent case, Insurance Co. of North Amer. v Godwin (46 AD2d 154).