WESTERN WORLD INSURANCE COMPANY, INC., Appellant, v
JEAN & BENNY'S RESTAURANT, INC., et al., Respondents.

Second Department, August 6, 1979

APPEARANCES OF COUNSEL

*Hirshfeld, Birbrower, Montalbano, Condon & Seidenberg, P. C. (Norman Bard* of counsel; *Sandra Krevitsky* on the brief), for appellant.

*McCormack & Damiani (Ronald G. McCormack* of counsel). for respondents.

## OPINION OF THE COURT

*Per Curiam.*

■ ■ In this declaratory judgment action, the plaintiff appeals, as limited by its brief, from so much of a judgment as declared that it is required to defend and indemnify the defendant restaurant against a recovery under the first cause of action in each of two actions commenced against the restaurant by defendants Granese and Lipski. The judgment should be modified, on the law, by (1) declaring that the plaintiff is required to defend the defendant restaurant, Jean & Benny's Restaurant, Inc., with respect to the first cause of action in each of the actions commenced by Lipski and Granese upon the theory that the restaurant negligently failed to take proper precautions to protect them while they were patrons of the restaurant, and (2) adding thereto a provision directing substitution of the defendant restaurant's personal attorney to represent the restaurant with respect to the first causes of action at the plaintiff's expense. As so modified, the judgment should be affirmed insofar as appealed from.

Defendants Lipski and Granese sustained serious personal injuries as the result of an assault committed on the premises of the defendant restaurant and each subsequently commenced an action against the restaurant alleging two separate causes of action. It is undisputed that the second cause of action of each of the injured parties is outside the scope of coverage of the restaurant's insurance policy. The first cause of action in each complaint is for negligence, alleging that the restaurant failed to take proper precautions to protect Lipski and Granese while they were its patrons. The plaintiff insurance company commenced this action seeking a declaration that it had no obligation to defend and indemnify the restaurant on the first causes of action because of a clause in its insurance policy which "excludes claims arising out of Assault & Battery".

The trial court found that the first cause of action in each

complaint was predicated upon assault and that the insurance company was therefore not required under the policy to defend either cause of action. However, the court held that the insurance company was estopped from asserting noncoverage under the policy because it had delayed more than three years since the institution of the underlying actions in giving the insured notice of disclaimer. Finding that there was no requirement of a showing of prejudice to either the restaurant or the injured parties caused by the delay, the court held that the insurance company was obligated to defend and indemnify the insured against any judgment which may be recovered on the first causes of action.

█ Under subdivision 8 of section 167 of the Insurance Law, as amended effective October, 1975, an insurance company will be estopped from disclaiming liability or denying coverage for bodily injury for any type of accident occurring within the State where it fails to make a prompt disclaimer. There is no requirement that the insurance company's delay in disclaiming be shown to have prejudiced either the insured or the injured party (see *Allstate Ins. Co. v Gross*, 27 NY2d 263). The trial court correctly noted that subdivision 8 of section 167 does not apply in the instant action because the injuries occurred prior to the effective date of the amendment to the statute. Nevertheless, the court incorrectly held that the insurance company was estopped from disclaiming liability. The instant action is governed by the common law. Under the common law only where prejudice as a result of the unreasonable delay is shown by adequate proof is the insurer estopped from asserting noncoverage *(Ashland Window & Housecleaning Co. v Metropolitan Cas. Ins. Co. of N. Y.,* 269 App Div 31; *Allstate Ins. Co. v Gross, supra).* There was no showing of prejudice in the case at bar.

██ Nevertheless, the exclusionary clause in the insurance policy issued by the plaintiff may not be used as a basis for avoiding its obligation to defend. Since the complaint contained a cause of action grounded in negligence, the plaintiff is required by the policy to defend irrespective of the defendant restaurant's ultimate liability, the insurer's obligation to defend being broader than its duty to pay *(Utica Mut. Ins. Co. v Cherry,* 38 NY2d 735). The insurer's duty to defend includes the defense of those actions in which alternative grounds are asserted, some within and others without the protection purchased, and extends to any action in which facts are alleged

within the coverage afforded by the policy *(Lionel Freedman, Inc. v Glens Falls Ins. Co.,* 27 NY2d 364). If a judgment grounded in negligence is obtained against the restaurant then the plaintiff will be obligated to indemnify it. If the judgment is grounded solely in assault then, by the terms of the exclusionary clause, the plaintiff insurer will not be obligated to indemnify the restaurant.

■ Since it is undisputed that the plaintiff is not obligated to defend the restaurant on the second cause of action alleged in each of the injured parties' complaints, the restaurant's personal attorney should be substituted at the expense of the insurance company to carry on the defense of the first, as well as the second, cause of action (see *Matter of Kitsch v Riker Oil Co.,* 23 AD2d 502).

MOLLEN, P. J., DAMIANI, O'CONNOR and RABIN, JJ., concur.

Judgment of the Supreme Court, Rockland County, dated October 24, 1978, modified, on the law, by (1) deleting therefrom subdivision "4" of the decretal paragraph and substituting therefor a provision that the plaintiff is required to defend the defendant restaurant, Jean & Benny's Restaurant, Inc., with respect to the first cause of action in each of the actions commenced by Lipski and Granese upon the theory that the restaurant negligently failed to take proper precautions to protect them while they were patrons of the restaurant, and (2) adding thereto a provision directing substitution of the defendant restaurant's personal attorney to represent the restaurant with respect to the first causes of action at the plaintiff's expense. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements.