OPINION OF THE COURT
Richard N. Donovan, J.
This is a declaratory judgment in which the plaintiff seeks a determination to the effect that there is no duty to provide the named defendants, Edwin J. Baranowski and Mary Jane Baranowski (hereinafter “homeowner”) with coverage or defense in an action brought by defendants Edwin M. Baranowski and Shelley Baranowski (hereinafter “injured party”) against homeowner in New York County for personal injuries as a result of an accident which occurred on homeowner’s premises on August 14, 1976.
Plaintiff has moved for a summary judgment in this declaratory judgment action. It contends that the claim for coverage is void because homeowner failed to notify plaintiff regarding the accident “as soon as practicable” as re *672 quired by the policy. Notice was given on May 20, 1977, nine months after the occurrence. Plaintiff contends that such notice does not comply with section 176 (subd 1, par [d]) of the Insurance Law.
Homeowner has moved to dismiss the declaratory judgment complaint contending that plaintiff never notified them that plaintiff intended to, disclaim coverage, as is required by section 167 (subd 8) of the Insurance Law.
On September 15, 1977, plaintiff commenced an action identical to this one. It was dismissed without prejudice for lack of a justiciable controversy because the injured party had not yet sued the homeowner. Subsequently on August 13, 1979, the injured party sued the homeowner. The present action was commenced on August 28, 1979.
Subdivision 8 of section 167 of the Insurance Law provides as follows: “If under a liability policy delivered or issued for delivery in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it. shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant.”
Homeowner’s nine-month delay in notifying the insurance company about the accident could be determined to be not “as soon as practicable” and, therefore, a breach of contract. This would allow the insurance company to disclaim liability.
However, the plaintiff has never disclaimed liability. This failure to disclaim liability by written notice is a violation of subdivision 8 of section 167 of the Insurance Law. The commencement of this action is not such a disclaimer.
The cases have consistently held that an insurer who fails to give written notice of disclaimer “as soon as reasonably possible” is thereby precluded from asserting by way of action or defense, the ground upon which a timely disclaimer could have been based. (Allstate Ins. Co. v Gross, 27 NY2d 263; Allstate Ins. Co. v Frank, 44 NY2d 879; Hartford Ins. Co. v County of Nassau, 46 NY2d 1028.)
*673 Plaintiff is, therefore, precluded from bringing this action and the complaint is dismissed. Submit order, without costs.