KEITH GRENING, Respondent-Appellant, v EMPIRE MUTUAL INSURANCE CO., Appellant-Respondent.

First Department, May 22, 1984

APPEARANCES OF COUNSEL

*Thomas Torto* of counsel (*Raymond J. MacDonnell,* attorney), for appellant-respondent.

*William Kirschhofer* of counsel (*Glatzer & Belovin, P. C.,* attorneys), for respondent-appellant.

OPINION OF THE COURT

FEIN, J.

On October 20, 1981, plaintiff was involved in an accident in Baltimore, Maryland, when, while he was operating a motor vehicle owned by one Cosmo Amorosono, it struck a light pole. Plaintiff's injuries required hospitalization at South Baltimore General Hospital, and then in New York where he received additional treatment including reconstructive surgery.

Plaintiff sues to recover no-fault benefits under the terms of an automobile liability policy issued by defendant to Nancy Grening.

On November 23, 1981, pursuant to said policy, plaintiff notified Empire Mutual Insurance Co. of the accident. Empire forwarded no-fault forms to plaintiff who submitted them to Empire on or about December 11, 1981, listing the persons and entities from whom plaintiff had received medical services. Plaintiff did not disclose that the hospital records indicated he had been under the influence of alcohol and drugs at the time of the accident.

On January 12, 1982, Empire sent requests for medical information to the providers. On or about May 10, 1982, South Baltimore General Hospital sent Empire the hospital admission sheet relating to plaintiff which indicated that plaintiff had been intoxicated when examined at the hospital. By notice dated May 18, 1982, defendant denied coverage for no-fault benefits on the ground of intoxication.

On July 13, 1982, Empire received an additional hospital record from South Baltimore General, indicating plaintiff's use of drugs and alcohol which had been determined upon examination following the accident. Empire then amended its disclaimer to include, as a basis for denial, plaintiff's use of drugs as well as alcohol. It grounded its disclaimer on the provisions of the Insurance Law and the policy issued to Nancy Grening.

Plaintiff commenced this action on or about August 20, 1982 seeking a declaration that Empire was required to provide all first-party no-fault benefits, including medical expenses, reasonable attorney fees and punitive damages. Plaintiff's motion for summary judgment or partial summary judgment resulted in the order appealed from granting partial summary judgment to the extent of declaring defendant's disclaimers invalid.

Defendant's cross motion for summary judgment was denied. In support of defendant's cross motion, it had submitted the report of its medical expert dated December 6, 1982 which, upon review of the hospital records, concluded plaintiff was under the influence of Valium and cocaine at the time of the accident, to a level not within the legal limit, which impaired plaintiff's driving ability.

The denial of summary judgment was premised upon the fact that the disclaimer, first issued more than five months after notification of the accident, was too long delayed

without justification. There is a clear dispute on the face of the papers as to when Empire received the information upon which it founded its disclaimers, and whether the delay was due to some inexcusable neglect on its part. It is fairly evident that plaintiff did not disclose the information. Thus, there are issues of fact as to when Empire received the information, when it served the disclaimers and the reasons for the delay.

Subdivision 8 of section 167 of the Insurance Law, provides: "If under a liability policy delivered or issued for delivery in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant." Under that section, the obligation of the insurer is to give written notice of disclaimer "as soon as is reasonably possible". Whether the notice was given as soon as reasonably possible is usually a question of fact. "It is only in the exceptional case that it may be decided as a matter of law." (*Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, 1030; *Allstate Ins. Co. v Gross,* 27 NY2d 263, 269; *Aetna Cas. & Sur. Co. v Brice,* 72 AD2d 927; affd 50 NY2d 958.)

However, that section relates to accidents "occurring within this state". In *Matter of Sentry Ins. Co. (Amsel)* (36 NY2d 291), it was held that the uninsured motorist clause required by subdivision 2-a of section 167 of the Insurance Law is applicable to injuries caused by accidents occurring in this State and not to accidents occurring outside of the State. Although the defendant did not urge this upon Special Term, it now contends that by virtue of that case, the limitations of subdivision 8 of section 167 respecting notices of disclaimer are not applicable because the accident occurred outside of the State. However, the application of that case to the circumstances here is questionable.

As the Court of Appeals made clear in *Sentry,* it was interpreting the statutory language in the face of a policy which followed the statute, stating (36 NY2d, at p 295): "In sum the policy in this case expressly limited uninsured

motorist coverage to accidents occurring in New York State and the statute requires no more." However, the court distinguished *Matter of Vanguard Ins. Co. (Polchlopek)* (18 NY2d 376, 379), where coverage was found to exist although the accident had occurred in South Carolina, "because the terms of the policy afforded more protection than the statute required." (36 NY2d, at p 295.)

In our case, the insurance policy is not before the court, nor is the policy language part of the record, so that we have no way of knowing whether the coverage is limited, as required by subdivision 2-a of section 167, or is broader.

Whether the provisions of subdivision 8 of section 167, appearing to limit its application to accidents "occurring within this state", should be afforded the same interpretation as the similar language in subdivision 2-a has been questioned (*Matter of Allstate Ins. Co. [Frank]*, 57 AD2d 950, 953-954, a post-*Sentry* case). As the dissent in that case noted, the policy provision there, respecting timely notice of disclaimer, did not limit its application to accidents "occurring within this state". The Court of Appeals, in reversing and denying the stay of arbitration in that case (44 NY2d 897), did not refer to *Sentry (supra)*, albeit the accident happened in Florida. The Court of Appeals cited only *Allstate Ins. Co. v Gross (supra)*, thus holding, as a matter of law, that there was a failure to issue a notice of disclaimer within a reasonable time.

Moreover, subdivision 8 of section 167 is only a procedural statute, fixing the time within which a disclaimer must be made respecting "accident[s] occurring within this state". If not applicable to an out-of-State accident, the common-law rule is applicable requiring a showing of prejudice to estop the effect of a belated disclaimer (*Western World Ins. Co. v Jean & Benny's Rest.*, 69 AD2d 260, 263).

Nothing in section 167 of the Insurance Law appears to apply to the facts of this case. So far as appears, we are not dealing with an uninsured motorist or a hit-and-run driver, but rather with a collision with a light pole by a vehicle which the plaintiff was driving. Whether he is entitled to no-fault coverage will largely depend upon the

terms of the policy and further evidence as to the nature of the accident.

We note that subdivision 1 of section 672 of the Insurance Law, the no-fault section, requires that motor vehicle liability policies provide for

"the payment of first party benefits to * * *

"(b) the named insured and members of his household, other than occupants of a motorcycle, for loss arising out of the use or operation of (i) an uninsured motor vehicle or motorcycle, within the United States, its territories or possessions, or Canada; and (ii) an insured motor vehicle or motorcycle outside of this state and within the United States, its territories or possessions, or Canada".

Summary judgment was improvidently granted. A trial is required.

The order, Supreme Court, Bronx County (Anthony J. Mercorella, J.), entered November 15, 1983 granting defendant's motion to reargue a prior decision of the court dated June 27, 1983, and on reargument adhering to the original decision which granted plaintiff's motion for summary judgment to the extent of declaring defendant's disclaimers of coverage invalid and denied defendant's cross motion for summary judgment, should be modified on the law to deny plaintiff's motion for summary judgment, and otherwise affirmed, without costs.

SANDLER, J. P., ROSS, ASCH and BLOOM, JJ., concur.

Order, Supreme Court, Bronx County, entered on November 15, 1983, unanimously modified, on the law, to deny plaintiff's motion for summary judgment, and otherwise affirmed, without costs and without disbursements.