■ BELLEFONTE RE-INSURANCE COMPANY, Formerly Known as BELLEFONTE INSURANCE COMPANY, Respondent, v VOLKSWAGENWERK AG, Defendant, and VOLKSWAGEN OF AMERICA, INC., Appellant. — Order, Supreme Court, New York County (M. Evans, J.), entered November 21, 1983, denying defendant Volkswagen of America, Inc.'s cross motion for summary judgment and granting the parties certain other relief, is modified, on the law and in the exercise of discretion, to the extent that the complaint is dismissed as not setting forth a proper claim for a declaratory judgment, and the order is otherwise affirmed, without costs, except that each party shall bear one half the cost of reproduction of the record. ¶ On oral argument of the appeal respondents, for the first time, called to our attention a clause in the policy requiring notice of an occurrence which appears likely to involve the policy to be given to the company as soon as practicable. There are serious questions as to the applicability and viability of this clause, as to whether it has been waived by the conduct of plaintiff insurance company, either before or after the trial of the underlying personal injury and wrongful death action, as to whether the notice of disclaimer was adequate and as to whether respondent insurance company is otherwise foreclosed from relying on this clause. However, our attention has not been called to any prejudice that the insured appellant has suffered by respondent's lateness in calling this clause to the court's attention. ¶ We are reluctant to grant final judgment against a party at this early stage of the proceedings and when the case comes to us still unadjudicated at nisi prius because until now the party or its advisors had missed the right clause of the policy. The case is still at or little beyond the pleading stage. "Since it [summary judgment] deprives the litigant of his day in court it is considered a drastic remedy which should only be employed when there is no doubt as to the

absence of triable issues." (*Andre v Pomeroy,* 35 NY2d 361, 364.) It should not be granted "where the issue is 'arguable'" (*Glick & Dollock v Tri-Pac Export Corp.,* 22 NY2d 439, 441) "[i]n the face of these disputes and uncertainties" (*Millerton Agway Coop. v Briarcliff Farms,* 17 NY2d 57, 63; accord *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). ¶ Accordingly, we hold that summary judgment was properly denied to defendant Volkswagen of America, Inc. at this time. ¶ We agree with Special Term's other determinations, except that this does not appear to us to be a proper case for declaratory judgment. Declaratory judgment "is usually unnecessary where a full and adequate remedy is already provided by another well-known form of action." (*James v Alderton Dock Yards,* 256 NY 298, 305.) The issues between the parties are all properly presented and determinable by the "well-known form" of an action on the policy, which the first counterclaim is. ¶ Accordingly, the complaint should have been dismissed in the exercise of discretion. Concur — Kupferman, J. P., Asch and Alexander, JJ.

Silverman and Milonas, JJ., concur in a memorandum by Silverman, J., as follows: We agree with the majority decision and reasons. We take this opportunity to expand on our reasons for this concurrence: ¶ This is an appeal by Volkswagen of America, Inc. (VWoA) from an order of the Supreme Court, Special Term, which denied VWoA's cross motion for summary judgment in its favor, and granted certain relief to plaintiff. ¶ Plaintiff Bellefonte brings this action for a declaratory judgment to determine that it is not obligated to indemnify defendants in respect of the claim involved. VWoA counterclaims on the policy and for punitive damages. ¶ Plaintiff Bellefonte as insurer issued its liability or indemnity policy extending to defendant VWoA (and its German affiliate Volkswagenwerk AG) coverage for claims against them based upon products liability with a limit of liability of $1 million plus costs *in excess of the insured's self-insured retention in the sum of $1 million plus costs.* ¶ On July 18, 1975 an accident occurred in North Carolina involving a Volkswagen car. Suit (the *Seese* action) for bodily injuries and wrongful death was instituted by or on behalf of the injured parties in the United States District Court for the District of New Jersey. That action resulted in a verdict in favor of the Seese plaintiffs on December 19, 1979, and a judgment on March 31, 1980, which was then affirmed by the United States Court of Appeals for the Third Circuit. After allowance for a contribution in settlement by another party to the accident, judgment was entered against VWoA for $1,480,000. With interest and costs, VWoA's liability on the judgment amounted to approximately $2 million, more precisely $961,357 over the $1 million exclusion in the Bellefonte's policy, plus apparently interest from the date of the verdict. VWoA paid this judgment and now seeks indemnification on the policy from Bellefonte. ¶ It is clear that VWoA did not notify Bellefonte, the insurer, of either the accident or the lawsuit at least until the pendency of the trial, and perhaps after the verdict. Plaintiff Bellefonte claims that this failure excuses it from liability on the policy. ¶ The problems on this appeal stem largely from the fact that although the insurance company has consistently based its defense and disclaimer on the failure to give earlier notice, the company or its lawyers simply did not read the policy carefully enough to find the appropriate (small print) specific provision in the policy and had thus relied on other more easily legible but less persuasive specific provisions. ¶ At Special Term, and in its main briefs in this court, plaintiff relied on certain provisions of the policy relating to periodic notification and notification of any loss reserve which was greater than $300,000 for any one occurrence. For the most part, plaintiff Bellefonte's reliance on these specific clauses was not persuasive, though perhaps there may have been a question of fact as to whether VWoA acted properly in not setting up a loss reserve greater than $300,000 for this

occurrence. (See *Loblaw, Inc. v Employers' Liab. Assur. Corp.*, 57 NY2d 872, 874 [Fuchsberg, J., concurring], affg 85 AD2d 880.) ¶ However, upon the oral argument of this appeal, plaintiff Bellefonte's counsel called our attention to a provision of the policy which does require a notice of the occurrence, i.e.: "2. Notice of Loss, Participation in Defense by the Company. Notice of an occurrence which appears likely to involve this policy shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable". This provision is contained in the copy of the policy in the record but it is so badly reproduced as to be totally illegible. ¶ At our request, counsel for both sides have furnished supplemental memoranda as to the effect of this clause. ¶ If we may consider this clause, then defendant VWoA is not entitled to summary judgment: (a) Clearly no notice was given "as soon as practicable" after the occurrence or after VWoA knew of the occurrence. (b) There is at best a question of fact as to (i) whether the occurrence appeared likely to involve this policy; (ii) whether the clause was waived by Bellefonte's failure to enforce or insist upon such clause and such notice in previous dealings. ¶ The clause is contained in the printed portions of the policy. The policy provided: "It is understood and agreed that where there is a conflict between the printed provision of the policy and those of the typed form, those of the typed form shall prevail." We cannot say that there is a conflict between the printed provisions and the typewritten provisions. While the typewritten provisions do provide for periodic notifications and advice of loss reserves greater than $300,000 for any one occurrence, the requirement of notification as soon as practicable of any occurrence which appears likely to involve the policy is some additional protection to the insurance company where perhaps VWoA may for one reason or another not have set up a loss reserve for the specific occurrence of more than $300,000. But whether or not the printed provision adds additional protection for the insurance company, we cannot say that it "is a conflict" with the printed provision. ¶ We are confronted then with the question whether as a matter of law the claimed breach of clause 2 above, the notice of occurrence as soon as practicable clause, is unavailable to the insurance company either because of defects in the notice of disclaimer or because of the failure in the litigation to refer specifically to this clause until the argument of the appeal. ¶ Plaintiff Bellefonte indicated its concern about VWoA's failure to notify Bellefonte about the accident as soon as it learned of the accident or the lawsuit. Thus, on January 3, 1980, within days after receiving notice of the lawsuit, Bellefonte's attorneys wrote to VWoA "[t]he Bellefonte is concerned because its policy required notice of any loss which would in any way effect the insurance and no such notice was given to the Bellefonte until the trial of the case had commenced". On March 28, 1980 Bellefonte wrote a formal letter of disclaimer pointing out that the first notice received by Bellefonte of these claims was after the trial. As we have said, Bellefonte apparently did not read its policy carefully. It therefore, in the letter of disclaimer, pointed to specific provisions in the policy (other than clause 2, the notice of occurrence clause) and claimed that those clauses had been violated. After discussing those specific clauses, the letter went on to say: "Based upon the facts presently available to it, the Bellefonte wishes to advise you that it is disclaiming coverage because of your breach of the aforesaid policy provisions and conditions *and because of your failure to give notice as soon as reasonably practicable as required by law.* (Emphasis added.) ¶ Thus Bellefonte clearly disclaimed because of the claimed breach of the specific provisions referred to in the letter "and because of your failure to give notice as soon as reasonably practicable". We do not think the fact that the disclaimer, because of the failure to give notice as soon as reasonably practicable, was stated to be "as required by law" rather than by reference to a specific provision of the policy, invalidates the

disclaimer. ¶ The New York statutory provision with respect to written notice of disclaimer, subdivision 8 of section 167 of the Insurance Law, is not applicable to this case because this case does not involve an accident "occurring within this state". (See *Grening v Empire Mut. Ins. Co.,* 101 AD2d 550, 552.) Our attention has not been called to any provision of the policy incorporating the provisions of subdivision 8 of section 167 of the Insurance Law with respect to out-of-State accidents. In the absence of statute, the validity of the notice of disclaimer is governed by common-law rules, which would require "showing waiver or estoppel, the latter necessarily requiring prejudice". (*Allstate Ins. Co. v Gross,* 27 NY2d 263, 269; *Grening v Empire Mut. Ins. Co., supra; Western World Ins. Co. v Jean & Benny's Rest.,* 69 AD2d 260, 263.) ¶ "[W]aiver is an intentional relinquishment of a right and ordinarily must be predicated upon full knowledge of all the facts upon which the existence of the right depends." (*S. & E. Motor Hire Corp. v New York Ind. Co.,* 255 NY 69, 72; accord *Frank Corp. v Federal Ins. Co.,* 91 AD2d 31, 33; *Dobson v Hartford Fire Ins. Co.,* 86 App Div 115.) If one thing is clear in this case, it is that Bellefonte has not *intentionally* relinquished any right to disclaim. Thus, there is no waiver. ¶ Estoppel necessarily requires a showing of prejudice. (*Allstate Ins. Co. v Gross, supra; Grening v Empire Mut. Ins. Co., supra; Western World Ins. Co. v Jean & Benny's Rest., supra.*) VWoA has apparently not been prejudiced by Bellefonte's failure to quote the appropriate provision of the policy in its notice of disclaimer. It has not changed its position in reliance upon that omission. It is in the same position it would have been in if Bellefonte had quoted the correct provision of the policy in its disclaimer letter. It clearly knew from the start that Bellefonte was disputing VWoA's claim on the policy because of the lateness of the notice. And of course, VWoA presumably had a copy of the policy in its possession which contained the clause. Therefore, there has been no showing that Bellefonte is estopped as a matter of law by the form of its disclaimer from relying upon the notice of occurrence clause, clause 2. ¶ Nor do we think that Bellefonte is precluded from relying upon this clause in this court because of its failure to bring this clause to the attention of the court until the oral argument of the appeal. ¶ Again we note that Bellefonte has consistently in this litigation complained of VWoA's failure to give its notice of the occurrence earlier. Thus, in its complaint Bellefonte alleges: "16. That at no time after the occurrence of July 18, 1975, and prior to the rendering of the verdicts against defendants, as aforesaid, did defendants or anyone on their behalf notify or advise the plaintiff or its duly authorized agent of the occurrence, of the claims being made against defendants as the result of the occurrence or of the pendency of the action brought by the said claimants against the defendants." (But again Bellefonte fails to refer to clause 2.) ¶ Even if the pleading is not sufficiently clear, it is well established that summary judgment should not be granted to a party on the basis of a defect in the pleading, when on the true facts the party would not be entitled to summary judgment. (*Werfel v Zivnostenska Banka,* 287 NY 91, 93; *Curry v Mackenzie,* 239 NY 267, 272.) ¶ It is a general rule that a party may not urge on appeal a contention not made in the court of first instance. This rule is frequently applied in cases where an appellant seeks to overturn a determination by a nisi prius court by some contention made for the first time in the appellate court. There is considerably less justification for applying such a rule where it is the respondent who makes the contention as a reason for sustaining the determination of the nisi prius court. Particularly is this true where there is as yet no judgment. In such circumstances, the party should be able to urge whatever contentions of law and fact are fairly applicable so that the case may be decided on its merits. At least this should be true in the absence of any showing of prejudice by the other party. Here there is no such showing. ¶ We

note further the statutory provision with respect to amendments of pleadings that "[l]eave shall be freely given" (CPLR 3025, subd [b]). ¶ In the absence of prejudice we are reluctant to grant final judgment against a party at this stage of the proceedings, i.e., while the case is still unadjudicated, because until now the party, or its advisors, had missed the right clause of the policy. The case is still at or little beyond the pleading stage. "Since it [summary judgment] deprives the litigant of his day in court it is considered a drastic remedy which should only be employed when there is no doubt as to the absence of triable issues." (*Andre v Pomeroy,* 35 NY2d 361, 364.) It should not be granted "where the issue is 'arguable' " (*Glick & Dolleck v Tri-Pac Export Corp.,* 22 NY2d 439, 441) "[i]n the face of these disputes and uncertainties" (*Millerton Agway Coop. v Briarcliff Farms,* 17 NY2d 57, 63; accord *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). In the *Sillman* case, the Court of Appeals denied summary judgment. Referring to a case involving a question of whether a no-assignment clause was waived by inaction, the Court of Appeals in the *Sillman* case said (p 404): "In *Gravenhorst* v. *Zimmerman* (236 N. Y. 22, 38-39) Chief Judge HISCOCK, writing for this court, observed that one person may argue that as matter of law the assignor abandoned and lost the benefit of his rescission, whereas another might think that was a question of fact, and concluded: 'It never could have been, or in justice ought to have been, the intention of those who framed our Practice Act and rules thereunder that the decision of such a serious question as this should be flung off on a motion for summary judgment. Whatever the final judgment may be the defendants were entitled to have the issue deliberately tried and their right to be heard in the usual manner of a trial protected.' " ¶ Accordingly, we hold that summary judgment was properly denied to defendant VWoA. ¶ We note further the statutory provision with respect to amendments of pleadings that "[l]eave shall be freely given" (CPLR 3025, subd [b]). ¶ We note also as does the court the relatively early stage of this case and the drastic nature of the summary judgment remedy. ¶ Accordingly, we think that summary judgment was properly denied to defendant VWoA.