■ VIGILANT INSURANCE COMPANY, Appellant-Respondent, v FEDERAL INSURANCE COMPANY et al., Defendants, and NORTH RIVER INSURANCE COMPANY, Respondent-Appellant.—Order, Supreme Court, New York County (Myriam Altman, J.), entered July 14, 1989, denying plaintiff Vigilant Insurance Company's motion and defendant North River Insurance Company's cross motion for summary judgment and dismissing North River Insurance Company's affirmative defenses, unanimously affirmed, without costs.

In this action plaintiff Vigilant Insurance Company seeks a declaratory judgment as to the rights and obligations of it and the defendant insurance companies to their mutual insured, Falgiano Construction Co., Inc. (Falgiano). In the underlying lawsuit Antonio Monteleone, an employee of Falgiano, sued Balling Construction, Inc. (Balling), the general contractor at the worksite where he was injured, premised upon negligence and violations of Labor Law § 241. Balling in turn commenced a third-party action against Falgiano, a subcontractor at the worksite, asserting common-law indemnification, breach of contract, contractual indemnification and full or partial contribution.

In the third-party action, the Supreme Court, Erie County (Flaherty, J. [entered Oct. 7, 1988]) granted summary judgment to Balling against Falgiano upon the contractual indemnification cause of action. That court did not, as Vigilant asserts, address the applicability of common-law indemnity since Balling had moved for summary judgment solely on the basis of contractual indemnification. Accordingly, the language in the Vigilant policy excluding coverage for "liability assumed by the insured under any contract or agreement", and the fact that Falgiano was found liable to Balling solely on the contractual indemnity clause of their contract, does not preclude the existence of liability, independent of the contract, premised upon common-law indemnification. *(See, O'Dowd v American Sur. Co.,* 3 NY2d 347, 352 [1957]; *Aetna Cas. & Sur. Co. v Lumbermens Mut. Cas. Co.,* 136 AD2d 246, 247 [4th Dept 1988], *lv denied* 73 NY2d 701 [1988].)

Based upon the foregoing, we find that the IAS court did not err in denying Vigilant's and North River's respective motions

for summary judgment. The court correctly determined that "the question of whether Falgiano would have been liable to Balling under common law indemnification had not been resolved and remains as a question of fact in the present action."

North River's affirmative defenses, of Vigilant's bad faith and failure to provide timely notice of disclaimer to Falgiano, were properly dismissed for lack of evidence of bad faith or of prejudice to North River caused by the absence of timely notice of Vigilant's disclaimer. (Insurance Law § 3420 [d]; *Oppel v Empire Mut. Ins. Co.*, 517 F Supp 1305, 1306 [SD NY 1981]; *Sukup v State of New York*, 19 NY2d 519, 522 [1967]; *Western World Ins. Co. v Jean & Benny's Rest.*, 69 AD2d 260, 262 [2d Dept 1979], *appeal dismissed* 48 NY2d 653 [1979].) Concur—Kupferman, J. P., Sullivan, Carro, Ellerin and Smith, JJ.