944 F.2d 109
 Christopher MARINO, Plaintiff,
v.
NEW YORK TELEPHONE COMPANY; Demour Construction Company;
Jamco Construction Company, and Romal Iron Works,
Inc., Defendants.
NEW YORK TELEPHONE COMPANY and Demour Construction Company,
Third-Party-Plaintiffs,
v.
EMPIRE ERECTING CORP.; Romal Iron Works, Inc., and Jamco
Construction Company, Third-Party-Defendants.
DEMOUR CONSTRUCTION COMPANY, Second-Third-Party-Plaintiff-Appellee,
v.
PEERLESS INSURANCE COMPANY, Second-Third-Party-Defendant-Appellant.
NEW YORK TELEPHONE COMPANY and Demour Construction Company,
Fourth-Party-Plaintiffs,
v.
ELECTRICAL MOTORS CORP., Fourth-Party-Defendant.
 No. 1622, Docket 91-7150.
 United States Court of Appeals,
Second Circuit.
 Argued June 20, 1991.
Decided Sept. 17, 1991.
 
 John A. Ziegler, Buffalo, N.Y. (Lustig & Brown, of counsel), for second-third-party-defendant-appellant.
 Lewis I. Wolf, New York City (Smith Mazure Director & Wilkins, of counsel), for second-third-party-plaintiff-appellee.
 Before MESKILL, KEARSE and McLAUGHLIN, Circuit Judges.
 MESKILL, Circuit Judge:
 
 
 1
 This appeal requires us to examine a disclaimer of liability and denial of insurance coverage based on the failure of an insured to report timely the accident giving rise to the personal injury claim involved.
 
 
 2
 This is an appeal from a judgment of the United States District Court for the Southern District of New York, Leisure, J., granting a declaratory judgment in favor of Demour Construction Co. (Demour), the general contractor at the scene of the construction accident underlying this appeal. The district court declared that appellant Peerless Insurance Co. (Peerless) would be obligated to indemnify Demour or to provide contribution for any portion of a judgment in favor of the plaintiff in the underlying personal injury action. According to the declaratory judgment, Peerless would be liable to the limits of its policy of insurance issued to Annette Duhamel d/b/a Jamco Construction Co. (Jamco), one of several subcontractors working at the construction site at the time of the accident. The declaratory judgment action was prompted by Peerless' disclaimer of liability. Peerless asserted it did not receive timely notice of the accident from its insured, Jamco, or from any other party or any claimant and therefore was not liable under the notice requirements of the policy. This assertion was rejected by the district court. In granting the declaratory judgment, the court applied New York Insurance Law § 3420(d). The district court concluded that while Peerless' disclaimer of liability for lack of notice was effective as to the insured, Jamco, it was not effective as to any claimant. Because we conclude that New York Insurance Law § 3420(d) is not applicable to the instant action, we vacate the declaratory judgment and remand this action to the district court for further proceedings.
 
 BACKGROUND
 
 3
 New York Telephone Company wished to make alterations to its building in New York City. Demour was retained as the general contractor. Demour subcontracted the erection of the steel to Romal Iron Works, Inc. (Romal) and Empire Erecting Corp. (Empire). Romal, while providing the steel for the project, chose to subcontract the actual steel erection to Jamco; Jamco, in turn, subcontracted the welding of the steel to Marino Welding. Prior to commencing work Jamco provided Romal with a certificate of insurance indicating that Peerless, a New Hampshire corporation, was Jamco's general liability insurer.
 
 
 4
 The Peerless policy covered the period February 12, 1988 to February 12, 1989 and provided liability coverage of $500,000 per occurrence. Jamco also maintained an excess policy with Peerless providing an additional $1 million in coverage. The excess policy is not part of the record on appeal. Peerless issued the primary policy through a New Hampshire agent located near Jamco's office in Nashua, New Hampshire. That policy included, as a precondition to coverage, a notice provision that stated, in pertinent part:
 
 
 5
 2. Duties in the Event of Occurrence, Claim or Suit
 
 
 6
 a. You must see to it that we are notified promptly of an "occurrence" which may result in a claim. Notice should include:
 
 
 7
 (1) How, when and where the "occurrence" took place; and
 
 
 8
 (2) The names and addresses of any injured persons and witnesses.
 
 
 9
 b. If a claim or "suit" is brought against any insured, you must see to it that we receive prompt written notice of the claim or "suit".
 
 
 10
 c. You and any other involved insured must:
 
 
 11
 (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit."
 
 
 12
 On March 24, 1988 Christopher Marino, principal of Marino Welding, was injured in a fall from the roof at the construction site. At the time of the accident employees of Jamco, Marino Welding, Romal and others were present on the roof of the New York Telephone building. Demour and an officer of Empire were present at the site. Robert Thomas Jamison, field manager for Jamco, was on the site and witnessed the accident. Jamison advised Annette Duhamel, owner of Jamco, of the accident on that same day. Jamco employees left the work site on the day of the accident and never returned.
 
 
 13
 Immediately after the Marino accident Jamco ceased operating out of its offices in Nashua, New Hampshire. Duhamel and Jamison wound up Jamco business from their mutual residence located on Harbor Avenue in Nashua. Subsequently, on August 23, 1989, Annette Duhamel filed a petition in bankruptcy in New Hampshire bankruptcy court.
 
 
 14
 Marino filed suit in United States District Court for the Southern District of New York in August 1988 naming as defendants New York Telephone, Demour, Romal and Jamco. Only New York Telephone and Demour were served. New York Telephone and Demour filed a third-party complaint against Romal, Empire and Jamco. Jamison, on behalf of Jamco, was not served with the summons and complaint until May 1989.
 
 
 15
 In mid-August 1989 Jamison appeared for a deposition on another matter. At the deposition he met Michael Fitzgerald, a Peerless employee. Jamison informed Fitzgerald of the Marino accident in 1988 and stated that he had received legal papers in reference to the action. Fitzgerald told Jamison to forward all papers to Peerless. This was the first notice that Peerless had of the Marino accident.
 
 
 16
 On September 5, 1989 Peerless received from Jamison various pleadings relating to the Marino action that had been served on Jamco. Peerless opened a file on the claim, retained Insurance Adjustment Service, Inc. (IAS) to investigate the claim, and retained the law firm of Gladstein & Isaac to represent Jamco on the Marino claim and interpose an answer on Jamco's behalf. Peerless forwarded to Duhamel and Jamison a letter reserving its rights and explaining Jamco's duty to provide written notice and Peerless' investigation into Jamco's coverage based on Jamco's failure to provide timely notice of the accident.
 
 
 17
 The investigation of the Marino accident and Jamco's coverage with respect to the accident was assigned to Beth O'Neill Burbank, an IAS employee. After repeated unsuccessful attempts to contact Jamison by telephone or by visits to the residence at Harbor Avenue, Burbank succeeded in getting signed statements from Jamison referring to the accident and the failure to provide notice to Peerless.
 
 
 18
 On December 11, 1989 Peerless disclaimed liability and denied coverage to Jamco for the Marino action in a letter sent by certified mail. Copies of the disclaimer were sent to counsel for all parties in the personal injury action as named in the pleadings. The letter stated, in pertinent part:
 
 
 19
 This company therefore, will afford you no coverage with respect to the aforesaid claim or other claims in actions arising out of this occurrence.
 
 
 20
 Please take notice that this company disclaims all liability under the above-mentioned policy by reason of your failure to promptly report this accident to us pursuant to the terms of your policy and this company will not defend you nor pay any claims and/or judgments, costs or other expenses which may be awarded against you with regard to such claims and/or actions.
 
 
 21
 At no time had any party to the action other than Jamco given notice to Peerless of the accident or any claims against Jamco.
 
 
 22
 Demour obtained permission to implead Peerless in the personal injury action, and filed a summons and complaint on March 8, 1989. Demour sought a declaration that Peerless would be liable for any judgment obtained against Jamco. It was agreed that all parties to the underlying litigation would be parties to the declaratory judgment action. The parties, except Peerless, also agreed to stipulate that Duhamel would not be held personally liable for the debts of Jamco. Finally, the parties waived their right to a jury trial, agreed that New York law applied to the declaratory judgment action, and consented to proceed before a magistrate pursuant to 28 U.S.C. § 636(c).
 
 
 23
 The declaratory judgment action, which was assigned to Judge Leisure, was referred to Magistrate Judge Lee. The action was heard on August 22 and 23, 1990. Magistrate Judge Lee made extensive findings of fact and conclusions of law based on the application of N.Y.Ins.Law § 3420(d) in her opinion and order handed down January 9, 1991. The magistrate judge concluded that Peerless was not obligated to Jamco under the policy; the disclaimer was effective against Jamco because Jamco's delay was unreasonable and the disclaimer was timely. Among the magistrate judge's other conclusions, however, were the following: (1) Peerless' disclaimer was not effective as to Demour pursuant to N.Y.Ins.Law § 3420(d) because Peerless failed to state in its disclaimer that it was disclaiming liability as to claims by any claimant for the claimant's failure to provide timely notice of the claim, and (2) the disclaimer was not effective as to Peerless' excess insurance policy for the same reasons.
 
 
 24
 Peerless filed a notice of appeal contending that section 3420(d) is not applicable to the Peerless policy issued to Jamco. Peerless urges that even if section 3420(d) does apply to the Peerless policy, the disclaimer issued by Peerless was effective as to all claimants on both the primary and excess policies.
 
 DISCUSSION
 
 25
 It is undisputed that Peerless disclaimed liability with respect to the Jamco policy. The central issue on appeal is the effect of that disclaimer. Peerless' disclaimer was made pursuant to the provisions of the insurance policy that permitted disclaimer for lack of notice. To be effective, however, Peerless' disclaimer must also comply with New York law.
 
 
 26
 In New York, when an insurer seeks to disclaim liability through an exclusion clause in the policy the insurer must prove that the insured clearly is not covered by the policy. See Ogden Corp. v. Travelers Indem. Co., 739 F.Supp. 796, 798 (S.D.N.Y.1989), aff'd, 924 F.2d 39 (2d Cir.1991) (citing Technicon Electronics Corp. v. American Home Assur. Co., 74 N.Y.2d 66, 74, 544 N.Y.S.2d 531, 533, 542 N.E.2d 1048, 1052 (1989)). Any ambiguities are to be resolved in favor of the insured. See Ogden, 739 F.Supp. at 798 (citing George Muhlstock & Co. v. American Home Assur. Co., 117 A.D.2d 117, 122, 502 N.Y.S.2d 174, 178 (1st Dep't 1986)).
 
 
 27
 In the instant action the notice requirements are clearly set forth in the policy--"[The insured] must see to it that we [Peerless] are notified promptly of an 'occurrence' which may result in a claim." Here it is conceded that Jamco did not provide notice to Peerless until seventeen months after the Marino accident. The district court's conclusion that Jamco failed to provide timely notice is not clearly erroneous, contrary to the arguments Demour puts forth in its appellate brief.
 
 
 28
 In determining the effects of the disclaimer, it is necessary to apply New York law. The district court turned to N.Y.Ins.Law § 3420(d). Section 3420 is a general liability insurance provision that sets forth standard policy provisions and the rights of injured persons. Section 3420(d) sets forth the requirements that must be followed in order for an insurer to disclaim successfully liability under an insurance policy. It states:
 
 
 29
 (d) If under a liability policy delivered or issued for delivery in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant.
 
 
 30
 N.Y.Ins.Law § 3420(d) (McKinney 1991) (emphasis added). After reviewing this provision and the case law relating to the effect on claimants of notice of disclaimer to the insured, the magistrate judge concluded that Peerless' disclaimer was ineffective as to any claimants. This was error. It goes without saying that the requirements of section 3420(d) are controlling only if the statute applies to the instant action.
 
 
 31
 Section 3420(d) states quite clearly that there are certain procedures to be followed in disclaiming liability "under a liability policy delivered or issued for delivery in this state." The record is clear that the Jamco policy was neither delivered nor issued for delivery in New York.
 
 
 32
 The record reveals that the policy was issued by Peerless, a New Hampshire corporation, through an insurance agent in Manchester, New Hampshire, to a Nashua, New Hampshire corporation, Jamco. Furthermore, the insurance was for a term of one year, covering the period February 1988 through February 1989; it was not a policy specific to the New York Telephone building contract or other work in New York.
 
 
 33
 A certificate of insurance was issued by Peerless to prove that Jamco did, indeed, have insurance, and that certificate was issued to a New York corporation, Romal. The certificate, however, is not an insurance policy, it is merely evidence of Jamco's insured status. The certificate states on its face:
 
 
 34
 This certificate is issued as a matter of information only and confers no right upon the certificate holder. This certificate does not amend, extend or alter the coverage afforded by the policies listed below.
 
 
 35
 ....
 
 
 36
 This is to certify that policies of insurance listed below have been issued to the insured named above for the policy period indicated. Notwithstanding any requirement, term or condition of any contract or other document with respect to which this certificate may be issued or may pertain, the insurance afforded by the policies described herein is subject to all the terms, exclusions and conditions of such policies.
 
 
 37
 The certificate does not purport to alter the rights of the parties and, in fact, does not do so. Thus, there is no evidence that the policy was delivered or issued for delivery in New York. As a result, section 3420(d) does not apply to the instant action. Peerless never made this argument before the magistrate judge. Therefore, it is not surprising that the magistrate judge did not reach the conclusion we reach. Nevertheless, the misapplication of a statute is a clear error of law and one that we feel compelled to recognize.
 
 
 38
 This holding is consistent with the New York Court of Appeals' interpretation of other provisions in section 3420. In In re Arbitration between Sentry Ins. Co. & Amsel, 36 N.Y.2d 291, 367 N.Y.S.2d 480, 327 N.E.2d 635 (1975), the New York Court of Appeals interpreted section 3420(f)(1), previously codified at N.Y.Ins.Law § 167(2-a), which requires an uninsured motorist clause in insurance policies relating to injuries caused by accidents "in this state." The court held that section 3420(f)(1) does not apply to accidents occurring outside of New York. Sentry Ins., 36 N.Y.2d at 295, 367 N.Y.S.2d at 483, 327 N.E.2d at 637.
 
 
 39
 More closely related to the instant action is the Appellate Division, First Department's interpretation of section 3420(d). In a concurring memorandum to the Memorandum Decision in Bellefonte Re-Ins. Co. v. Volkswagenwerk AG, 102 A.D.2d 753, 754, 476 N.Y.S.2d 890, 891 (1st Dep't 1984), Judge Silverman wrote that N.Y.Ins.Law § 167(8), now codified at § 3420(d), does not apply to accidents occurring outside New York. Id. at 755-56, 476 N.Y.S.2d at 893 (citing Grening v. Empire Mut. Ins. Co., 101 A.D.2d 550, 552, 475 N.Y.S.2d 423, 425 (1st Dep't 1984)). While some courts have applied section 3420(d) to accidents occurring outside New York when the policy was issued in New York and there existed very strong connections to New York, see Newman v. Ketani, 54 A.D.2d 926, 928, 388 N.Y.S.2d 128, 130 (2d Dep't 1976); Kasson & Keller, Inc. v. Centennial Ins. Co., 79 Misc.2d 450, 454, 359 N.Y.S.2d 760, 764 (Sup.Ct., Montgomery County 1974), that particular issue has not been addressed by the New York Court of Appeals. Section 3420(d) is clearly limited in application to policies delivered or issued for delivery in New York. We see no reason to expand section 3420(d) beyond its terms in the instant case.
 
 
 40
 Demour claims that because Peerless stipulated that New York law governed this case, section 3420(d) is correctly applied. Demour's argument is unpersuasive. The application of New York law does not mean that every New York statute, no matter how inappropriate or unrelated and regardless of its terms, should be applied. Such an interpretation of Peerless' stipulation would be required to give merit to Demour's claim. As noted above, section 3420(d), by its very terms, does not apply to the instant action, nor is there any other basis for its application here. It is a matter of common sense that when the parties stipulated to the application of New York law they agreed to the application of the appropriate New York laws. The appropriate law in the instant action clearly does not include section 3420(d). "In the absence of statute, the validity of the notice of disclaimer is governed by common law rules, which would require 'showing waiver or estoppel, the latter necessarily requiring prejudice.' " Bellefonte, 102 A.D.2d at 756, 476 N.Y.S.2d at 893-94 (quoting Allstate Ins. Co. v. Gross, 27 N.Y.2d 263, 269, 317 N.Y.S.2d 309, 313, 265 N.E.2d 736, 739 (1970)). Thus, absent an applicable and appropriate statute, New York common law should be applied.
 
 
 41
 In sum, New York Insurance Law section 3420(d) does not apply to the policy issued by Peerless to Jamco. We reach no conclusion with respect to the excess policy other than that section 3420(d) is inapplicable to the excess policy as well as the primary policy. The judgment of the district court is, therefore, vacated. This action is remanded to the district court for reconsideration of this matter in light of this opinion.